ALBANY,
Jan. 1813.

JACKSON
v.
STILES.

———— ❋ ————

JACKSON, *ex dem.* VANDERWENKER, *against* J. STILES, (J. T. CLOSE, TENANT.)

P. W. RADCLIFF, at the last term, in behalf of *Daniel Powers*, moved that the default, and all subsequent proceedings in the cause, be set aside, that a restitution be awarded, and that *D. Powers* be admitted as defendant; and for such other order as the court might direct.

*Gardinier*, contra.

The motion was first made in *August* term, and denied; but on some explanation to the court, leave was granted to renew the application at the last term, and on account of the great length and opposition of the affidavits, the court took time to consider of them until this term. The affidavits stated that the *default*, for the tenant's not appearing and entering into the consent rule, was entered the 27th of *September*, 1811, and final judgment on the 1st

A. leased a lot of land to B. and the lease contained a power of re-entry for non-payment of the rent, &c. B. leased the same premises to C. by *parol.* A bro't an action of ejectment for the recovery of the premises, under the 23d section of the act, (sess. 11. c. 36.) for non-payment of the rent, &c. and a judgment by default was entered on the 27th of Sep-

tember, 1811, against the casual ejector, and final judgment entered on the 23d of *December*, 1811, and a writ of possession thereon executed before *January* term, 1812.

B. was not informed of the proceedings in the ejectment suit, until the 27th of *May*, 1812, and in *August* following, applied to set aside the default and subsequent proceedings, to be let in to defend, as landlord; and it appearing that B. had been discharged under the insolvent act in *September*, 1811; it was *held*, that he had no further right, as *landlord*, to come in and defend; and that, though he had, afterwards, on the 27th of *May*, 1811, purchased the premises at the sheriff's sale, under an execution on a judgment against him, he could not, in the new character of purchaser, be let in, so long after a regular execution of the judgment in ejectment.

JACKSON
v.
STILES.

of *September*, 1811, and the record filed and docketed on the 23d of *December*, 1811, and a writ of possession executed before *January* term, 1812. The ejectment was brought under the 23d section of the "Act (sess. 11. c. 36.) concerning distresses, and for the better security, and more easy recovery, of rents," &c. for the forfeiture of a lease made by the lessor of the plaintiff to *Daniel Powers*, on the 15th of *September*, 1804, of the lot or premises in question, there being one year's rent due on the lease, and no sufficient distress found on the premises, countervailing the arrears due, and the lessor having power, by the lease, to re-enter, &c. for the non-payment of the rent, &c. the requisite affidavit under the statute having been filed.

*Close* stated that on the 1st of *May*, 1809, *Daniel Powers* leased the premises, by *parol*, to him, and that he, afterwards, took the place for another *year ;* that after the second year, he understood that *D. Powers* conveyed his right to the premises, to his father, and had been, or was about to be, discharged under the insolvent act; and supposed that *Powers* was no longer the owner; and when the declaration and notice of the ejectment suit was served upon him, not knowing who was the owner, and not considering himself as holding under *Powers*, he took no further notice of the suit.

*D. Powers*, in his affidavit, stated, that he was not informed, until about the 27th of *May* last, of the writ of possession having been executed, before which time he had no knowledge of the suit being commenced, though he had frequently seen *Close* during the year preceding; and that *Close* was in possession under him, at the time the writ of possession was executed; and that the ejectment was brought on account of one year's rent of 12 dollars and 50 cents, charged on the premises, and that he had a good defence to the suit, except as to the rent being due. That on the 24th of *September*, 1811, he was discharged under the insolvent act, and until that time, had not parted with his title to the possession, except to *Close*, whom he considered as his tenant.

It appeared, further, that on the 13th of *April*, 1812, a *fieri facias* issued on a judgment docketed the 28th of *July*, 1807, and revived by *scire facias*, at the suit of *Timothy Powers* against *Daniel Powers*, and was delivered to the sheriff, by *Daniel Powers*, who directed the deputy-sheriff to advertise all his property in *Waterford*, among which was the premises in question, in possession of *Close;* and on the 27th of *May*, the premises were sold

at auction, by virtue of the execution, to *Daniel Powers*, as the highest bidder, for 15 dollars and 75 cents.

*D. Powers* further stated, that he bid only 15 dollars at the sheriff's sale; but by an arrangement with the agent of *T. Powers*, who attended the sale, he was bound to pay *T. Powers* 300 dollars.

ALBANY,
Jan. 1813.

CLARKE
v.
MOREY.

*Per Curiam.* The proceedings on the part of the plaintiff have been regular, under the 23d section of the act of the 11th sess. c. 36. and as *Daniel Powers*, the former landlord of *Close*, the tenant in possession, was discharged under the insolvent act, the 24th of *September*, 1811, he has no further right, as *landlord*, to come in and defend. His right, whatever it might be, passed to his assignees, and they do not apply. The neglect of *Close* to give notice to *Daniel Powers* of the service of the ejectment, (assuming him then to have been his tenant) has nothing to do with this application, since the interest of *Powers* has been assigned. The only remaining ground of the application by *Powers* is upon the new interest he acquired as a *purchaser*, at the sheriff's sale on the 27th of *May* last, but in that new character he has no right to come in at this late day, and so long after the regular execution of the judgment. He would come in as a stranger, not as landlord; and in that character he cannot be received, but must be put to his action, if he has any. There is no precedent to warrant so extraordinary an indulgence.

Motion denied.