JACKSON, *ex dem.* HOWLAND, *against* STILES ; Smith, Randolph and Hay, tenants.

MOTION, in ejectment, that Wightman be admitted to defend as the landlord of Smith.

Wightman's affidavit stated that Smith was his tenant, of about 300 acres of the premises in question, at the last February term, when the declaration was served ; that he entered under a lease from Wightman, made about the 1st of July, 1825 ; that the term expired on the 1st day of April last, when he had agreed with Wightman to surrender the possession to him ; that he did not know of this action till about the 18th of March last ; and that Smith refused to defend the suit in any way. It also appeared that Smith had abandoned the possession about the 1st of April ; and that a default for want of his appearance had been entered ; that Wightman's attorney had proposed to the plaintiff's

*On a motion to be received to defend as landlord in ejectment, it is competent for the plaintiff to show that the landlord had, after the lease, conveyed away all his interest in the premises in question.*

NEW YORK
May, 1826.

Jackson
v.
Sheldon.

attorney to enter into the consent rule in behalf of Wight-man as landlord ; but the proposal was declined.

The above facts were not denied in any material part, by the plaintiff.

But it was shown very satisfactorily by a series of affi davits produced on the part of the plaintiff, that, on the 14th of March last, Wightman, by a deed of conveyance, with-out any covenant, parted with all his interest in the premi-ses to Henry and Everitts; directed Smith to surrender possession to them ; and, that on the 1st of April last, pos-session was rendered to them accordingly.

*Asgill Gibbs,* for the motion.

*S. Wood,* contra.

*Curia.* That the landlord has parted with all his interest in the premises is, no doubt, a conclusive answer to the ap-plication. (*Jackson* v. *Stiles,* 10 John. 67.) The motion must be denied with costs.

                                        Motion denied.