ALBERT HARRIMAN & *al.*, *pet'rs for writ of prohibition,* *versus* COUNTY COMMISSIONERS OF WALDO COUNTY.

By c. 103, § 36, of the Public Laws of 1859, if the judgment of the committee, appointed in cases of appeal from the decisions of County Commissioners, is wholly against the prayer of the original petition, the Commissioners shall proceed no further thereon; but, if the judgment is otherwise, they shall carry it into effect as if made by them.

By R. S., c. 77, §§ 5 and 6, the Supreme Judicial Court has the general superintendance of all courts of inferior jurisdiction for the prevention and correction of errors and abuses, where the laws do not *expressly* provide any remedy. It may issue writs of error, *certiorari, mandamus,* prohibition, *quo warranto,* and all writs and processes necessary for the furtherance of justice, or the execution of the laws.

Where County Commissioners refuse to carry into effect a judgment of the Supreme Judicial Court, rendered upon the report of a committee appointed in case of appeal from their decision, refusing to lay out and establish a

highway, this Court may issue a writ of *mandamus* on petition by the injured party.

And where they not only refuse to carry into effect such judgment, but proceed to appoint an agent to open the way laid out by them on the original petition, contrary to the judgment of the Supreme Judicial Court, a writ of prohibition will be issued by this Court, enjoining such proceedings.

ON EXCEPTIONS from *Nisi Prius*, DICKERSON, J., presiding.

PETITION FOR WRIT OF PROHIBITION.

The petitioners, selectmen of the town of Prospect, in the county of Waldo, in behalf of themselves and the inhabitants of said town, substantially allege : —

That there was a certain highway — [described] — laid out and established by the County Commissioners for said county, not built, a part of which was within said town; that these petitioners and others, inhabitants of said town, petitioned the Commissioners, at their April term, 1860, to make a certain alteration — [described] — in a portion of said highway ; that the Commissioners, after due proceedings had, made their report at their August term following, wherein they adjudged and determined that common convenience and necessity did *not* require the alteration prayed for ; that the petitioners appealed from that decision, entered their appeal, and a committee was duly appointed ; that said committee, after due preliminaries, made their report at the May term, 1861, of the Supreme Judicial Court, *wholly reversing* the decision of the Commissioners ; that said report was accepted, and their judgment duly certified to said Commissioners; that said Commissioners, disregarding that report and the adjudication of the Supreme Judicial Court thereon, proceeded to appoint an agent to open the highway as by them *originally* located, &c.

The petition further alleges, that the inhabitants of said Prospect were in danger of suffering great wrong and injury by means of the premises ; that they are without any adequate remedy by any common or ordinary process of law ; and they pray for a writ prohibiting and restraining

said Commissioners from issuing their warrant appointing an agent as aforesaid, as well as from issuing any warrant of distress against said town for money expended by said agent, until their right by law to make such appointment and issue such warrant can be heard and determined by this Court.

The petition further prayed for a writ commanding said petitioners to appear at the next term to show cause why they should not carry into effect the judgment of the Court rendered on the report of said committee, and why they should not be prohibited as prayed for, &c.

Upon the petition, Judge DAVIS ordered notice to be served by copy of petition and order upon the chairman of the Commissioners seven days before said next term.

At the hearing at *Nisi Prius*, the presiding Judge ruled that the prayer of the petition should be granted, and a writ issue prohibiting said Commissioners from appointing an agent or issuing a warrant of distress as set forth in the petition; to which the respondents excepted.

*E. K. Boyle*, for the respondents.

*W. G. Crosby*, for the petitioners.

CUTTING, J.—We assume, that, sometime prior to the year 1860, the Commissioners had laid out and established a public highway leading from town to town, a part of which was located within the town of Prospect.

If appears that the selectmen of Prospect, for themselves and the inhabitants of that town, presented a petition to the Commissioners at their April term, 1860, representing that the public good required an alteration in the highway so located in their town, between certain *termini*, and requested such alteration. Whereupon the Commissioners, after due notice to all parties interested, and other due proceedings had, refused to make the alteration prayed for. Thereupon an appeal was taken to this Court, and entered at the October term, 1860, when, in pursuance of the statute, a committee was appointed, who, in the legal discharge of their

duties, and, after performing the same, at the May term, 1861, reported "that the judgment of the Commissioners should be *in whole reversed*, and that the prayer of said petitioners should be granted." This report was then accepted and duly certified to the Commissioners.

Under such circumstances, what duties was it incumbent on the Commissioners subsequently to perform? By R. S. of 1857, c. 18, § 36, it is provided that—" If the judgment of the Commissioners *is wholly reversed*, they shall proceed no further,—if their judgment is affirmed in whole or in part, they shall carry into effect the judgment of the appellate court, as if made by them."

Here we see that the Committee wholly reversed the judgment of the Commissioners, after which they were prohibited from proceeding further. Under the section cited, their further proceeding was a nullity, and the Commissioners were legally justified in disregarding it; for it is only when their judgment is *affirmed*, in whole or in part, that they shall carry into effect the judgment of the appellate court, as if made by them. Such a contingency has not occurred. The Commissioners' judgment in this new petition has only been reversed, and there the matter stands. The old highway as originally established remains intact, and the appellants under the section cited would be without remedy.

But the Legislature of 1859, perceiving the defect in the prior law, by a statute of that year, c. 103, amended § 36 of c. 18, so as to read as follows :—

"If such judgment is wholly against the prayer of the original petition, the Commissioners shall proceed no further thereon; but, if the judgment is otherwise, they shall carry it into effect as if made by them."

It is to be presumed that the Commissioners have overlooked this change in the law of 1857, otherwise they are without excuse for disregarding it. The judgment of this Court, based upon the report of the committee, was not wholly against the prayer of the original petition, but whol-

ly otherwise, and the Commissioners were bound by their oath of office to carry that judgment into effect, as if made by them, which would be to grant the prayer of the petitioners, but they have neglected to do it, and may have subjected themselves to our writ of *mandamus* upon the petition of the injured party.

In the petition now before us, and with which we are more immediately concerned, it is alleged that the Commissioners are about proceeding to appoint an agent to open and make that portion of the highway embraced in the original petition for the alteration, and the prayer is, that they be restrained from so doing, and also from issuing their warrant of distress against the inhabitants of Prospect, in whose town that part of the way was originally located, " until their right by law to make such appointment and issue such warrant, can be heard, and shall be determined by this Court."

At the hearing before the Judge at *Nisi Prius*, at the January term, for the county of Waldo, the parties appearing agreed that " the facts in this case are fully stated in the petition." The respondents filed no answer and offered no evidence. Whereupon the Judge granted the prayer of the petitioners and ordered the writ of injunction to be issued. To which ruling exception was taken. The case has been fully argued by the counsel for the petitioners and submitted without argument by the counsel for the respondents, but the exceptions show that, before the Judge, he contended that, on the facts disclosed and on legal principles, the prayer should not be granted.

His propositions may be considered in the nature of a general demurrer to a bill in equity, and the petition certainly appears to embrace some of its elements. The question then arises, has this Court jurisdiction? If it has, it would have the right to grant a temporary injunction (and none other is prayed for) either in term time or in vacation, and to which no exceptions would lie. It would be liable to be dissolved at any subsequent time for good cause shown,

or continued from term to term until the whole subject matter was disposed of, and then either dismissed or made perpetual.

We have seen that the Commissioners, (these respondents,) have disregarded the judgment of this Court, which directed a material alteration, and are attempting to enforce their own judgment as paramount to the laws of the State. Such a proceeding might be exceedingly hazardous for all parties concerned ; to the respondents, for issuing a warrant of distress not authorized by law, to the agent, in expending money which he might never collect, and, unless there be some remedy, those contingencies may happen ; whereas, if we temporarily suspend proceedings, the error on the part of the respondents may hereafter be corrected by their making the alteration and these petitioners making the road, either voluntarily or by *legal* compulsion.

This Court " has the general superintendence of all courts of inferior jurisdiction, for the prevention and correction of errors and abuses, where the laws do not *expressly* provide a remedy. It may issue writs of error *certiorari, mandamus,* prohibition, *quo warranto,* and all writs and processes necessary for the furtherance of justice or the execution of the laws." R. S., c. 77, §§ 5, 6.

We have jurisdiction, then, unless the laws expressly provide a remedy. They do not, for no Legislature ever contemplated such a state of facts. The writ of *mandamus* might have prevented the evil, but now, before such writ could be issued, the old highway may have been made. The only remedy for the time being is the writ of prohibition.               *Exceptions not sustained.*

                    *Temporary injunction to be issued.*

APPLETON, C. J., DAVIS, KENT, WALTON, DICKERSON and BARROWS, J J., concurred.