THE STATE OF FLORIDA EX REL. HATTIE P. MOODY, MARY A. DeCOTTES AND GEORGE A. DeCOTTES, HER HUSBAND, ROSA CLARKSON AND WALTER B. CLARKSON, HER HUSBAND, ESTELLE HOPKINS AND EDWARD H. HOPKINS, HER HUSBAND, RELATORS, VS. RHYDON M. CALL, JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

1. A person applying to be admitted as a party defendant in an action of ejectment, under section 11 of the Statute Geo. II, Cap. 19, must show by his application that his title is connected to and consistent with the possession of the occupier against whom such action is brought.

2. The court has no power under section 11 of the Statute Geo. II, Cap. 19, on the application of a third person claiming as landlord a right to be admitted as a party defendant, to vacate and set aside a default and a verdict and judgment already entered against the defendants in such suits.

3. A peremptory writ of mandamus will be refused in all cases where the respondent can not be compelled to do all that is required by the alternative writ.

The facts in the case are stated in the opinion of the court.

*R. H. Liggett*, for Relators.

*Walker* and *L'Engle*, for Respondent.

CARTER, J.:

This is a proceeding of original jurisdiction by mandamus on behalf of relators against respondent. The allegations of the alternative writ shows that on March 26, 1896, one Matilda F. Burbridge instituted an action of ejectment in the Circuit Court of Duval county, of which respondent was then and still is

Judge, against Paul May, Victoria Rutledge and Patience Buck, to recover certain real estate in said county; that summons was duly issued and served, returnable to April rules, on which day a default for want of appearance was entered against the defendants; that on November 23, 1896, during a term of said court the case was submitted to a jury, and upon their verdict a judgment was entered against defendants in favor of plaintiff; that on December 24, 1896, a writ of possession issued upon said judgment, and was executed by the sheriff November 30, 1896, by placing an agent of plaintiff in possession of the premises, thereby dispossessing the relators of the lands; that on December 8, 1896, during the same term at which the judgment was recovered the relators, upon petition supported by affidavit, moved the court to vacate the verdict and judgment in such ejectment suit, and admit relators as parties defendant in their own names and for a reasonable time to plead to the declaration. The affidavit referred to was made December 8, 1896, by Hattie P. Moody; one of the relators, and it alleged that the real estate involved in the action of ejectment belonged to Mary L. Moody at the time of her death January 19, 1894, that she had been in open, notorious and adverse possession of the property sued for and had it enclosed with a substantial fence for more than seven years prior to her death, and held and claimed it under and by virtue of color of title; that two houses were situated upon it which during all that time were in the occupation of her tenants; that Mary L. Moody devised the property to affiant, Rosa Clarkson, Mary A. DeCottes and Estelle Hopkins for their natural lives, with remainder to the heirs of their bodies; that said relators and affiant,

State ex rel. Moody et al. v. Call, Judge.—Opinion of Court.

ever since the death of Mary L. Moody, had been in possession of the land and had it enclosed by a substantial enclosure, and had the land from time to time rented out to various tenants; that "about six months ago" Patience Buck one of defendants, an illiterate colored woman who can neither read nor write, told affiant that a paper had been served upon her to go to court, and she was told when served that they wanted her to tell to whom the property belonged, and that she was going up there and tell them it belonged to the Moody estate, but she did not disclose to affiant the contents of the paper or show the paper to her; that affiant never heard any more about it, and that Patience Buck never afterwards told affiant whether she went to court, nor what happened if she did go; that affiant knew nothing of said action of ejectment until December 7, 1896, and had no reason to suspect that any such suit had been brought except as before stated; that affiant believes that a woman named Victoria Rutledge, also an illiterate colored woman, once lived on the premises, and it is possible she may have been living there when served with the summons in the ejectment suit; but affiant had no recollection of a man named Paul May having lived on the premises, and neither Paul May nor Victoria Rutledge ever informed affiant or any of the devisees of Mary L. Moody of the service upon them of the summons in ejectment; that none of the devisees of Mary L. Moody ever received any notice of the institution of the action of ejectment, or had any reason to suspect that such suit had been instituted, except as before stated; that none of said devisees ever knew that any legal paper had been served upon any of their tenants except in the instance specified; that said devisees have

been renting the property out ever since the death of Mary L. Moody up to the date of the affidavit, and affiant had been in charge of the collection of the rents therefrom; that plaintiff, Matilda F. Burbridge, at the time of the institution of the suit, was perfectly aware that said devisees claimed to own the land, and that said devisees were in the enjoyment of the rents and profits thereof; that plaintiff had never given said devisees any notice of the institution of said suit; that no one other than Mary L. Moody and her devisees had been in possession of the property within the last eight years, and that prior thereto and during said period the said Mary L. Moody and her devisees had held the property exclusively and adversely against the entire world, and received the rents and profits thereof, and that said devisees now own said lands.   The petition was really a motion alleging no facts, but referring to the affidavit for the facts.

The alternative writ further alleges that due notice of hearing said motion was given to the attorneys for plaintiff in the ejectment suit; that the matter was argued by her counsel, and on December 23, 1896, the respondent in open court made an order denying the motion generally; that the allegations of the affidavit and motion were true, and were not denied, and no evidence was offered in opposition to the motion at the hearing, and that the respondent at the hearing acted upon the affidavit and petition only.

Respondent has filed a demurrer to the alternative writ, alleging, among other grounds, that the alternative writ fails to state facts sufficient in law to require respondent to enter an order in the action of ejectment as prayed, and that relators have no legal right to have the verdict and judgment in the ejectment suit

JANUARY TERM, 1897.        169

State ex rel. Moody et al. v. Call, Judge.—Opinion of Court.

vacated, and to be admitted as parties defendant to the suit.

1. Relators contend that under section 13 of the statute, 11 Geo. II, Cap. 19, they have a clear right to the relief prayed in their motion or petition to the respondent. The language of this section is as follows: "And be it further enacted by the authority aforesaid: That it shall and may be lawful for the court where such ejectment shall be brought (referring to actions of ejectment against tenants in possession) to suffer the landlord or landlords to make him, her or themselves defendant or defendants by joining with the tenant or tenants to whom such declaration in ejectment shall be delivered in case he or they shall appear, but in case such tenant or tenants shall refuse or neglect to appear judgment shall be signed against the casual ejector for want of such appearance; but if the landlord or landlords of any part of the lands, tenements or hereditaments for which such ejectment was brought shall desire to appear by himself or themselves, and consent to enter into the like rule that by the course of the court the tenant in possession in case he or she had appeared ought to have done, then the court where such ejectment shall be brought shall and may permit such landlord or landlords so to do, and order a stay of execution upon such judgment against the casual ejector until they shall make further order therein." 2 Tidd's Practice, page 1228. This section is unquestionably in force in this State so far as it is not inconsistent with the statutes and constitutions of this State and of the United States. Sec. 59, Revised Statutes. The statute, however, does not apply to all persons who claim title to lands for which ejectment has been brought against another in posses-

sion, but the rights therein given are for the benefit of landlords. The term landlord, as here used, has been construed to extend to all persons whose title is connected to and consistent with the possession of the occupier against whom such action is brought. 2 Tidd's Practice, p. 1228; Troublesome vs. Estill, 1 Bibb (Ky.), 128; Den vs. Shupe, 13 N. J. L. 66; Fairclaim *ex dem.* Fowler vs. Shamtitle, 3 Burr. 1290; Roe vs. Doe, Barnes, 193; Sherry vs. Denn, 8 Blackford, 542; Newell on Ejectment, p. 225, sec. 8. In New York, under a similar statute, it was held that the application to admit a person to defend an action of ejectment as landlord must be grounded upon a showing that the relation of landlord and tenant existed between the applicant and the defendant in ejectment; Jackson vs. Stiles, 1 Cowen, 134; Jackson vs. Stiles, 10 John. 67; Jackson vs. Stiles, 6 Cowan, 594; and in the latter case it was held that an affidavit that the defendant in ejectment "claims no interest in the premises in question, otherwise than as tenant to the Spaffords" (the persons moving to be made parties), was insufficient to show the relation of landlord and tenant between the defendant in ejectment and the Spaffords. the court remarking that the relation does not follow from the mere circumstance that the tenant claims no interest except as tenant to the Spaffords.

There is no allegation in the application made by relators to the respondent, nor elsewhere in the alternative writ, that the relation of landlord and tenant existed between the relators, or their predecessor in interest, Mrs. Moody, and either of the defendants in ejectment; nor is there an allegation showing that the title of relators is connected to and consistent with the possession of said defendants. For aught that

appears, all of the defendants may have been mere trespassers against the rights and possession of relators and Mrs. Moody. The respondent was, therefore, justified in refusing relators' motion.

II. The alternative writ commands respondent to enter an order granting the prayer of relators' petition, permitting them to be made parties to the action of ejectment and defend same, and directing a stay of the judgment as to relators. The prayer of the petition for the alternative writ is for a mandamus commanding respondent, among other things to enter an order in the action of ejectment granting the prayer of the petition presented to him in December, 1896. The prayer of this petition or motion is that respondent vacate the verdict and judgment and set aside the default entered in the action of ejectment, and to admit relators as parties defendant with leave to plead. The court is given no authority under this statute to vacate and set aside the default and the verdict and judgment against the defendants in ejectment upon application of a third person claiming as landlord to be admitted as a party defendant. The only authority given is to order a stay of execution upon the judgment until the further order of the court. 2 Tidd's Practice, page 1230; Hobson vs. Dobson, Barnes, 179; Roe vs. Doe, Barnes, 179. It is the practice of this court to refuse a peremptory writ of mandamus in all cases where the respondent may not be compelled to do all that is required by the alternative writ. As this court can not require the respondent to vacate the default, and set aside the verdict and judgment, we can not grant the peremptory writ upon the present state of the pleadings, even if we were authorized to require respondent to admit relators as parties and stay the execution of

the judgment in the ejectment suit.   State *ex rel.* Bloxham vs. Gibbs, 13 Fla. 55; County Commissioners of Columbia County vs. King, 13 Fla. 451.

The motion and affidavit presented to respondent as the basis for this proceeding being defective, and not subject to amendment here, the order will be that the demurrer be sustained, and the alternative writ dismissed.