J. L. ANDERSON, W. M. GORDON AND CENTRAL TRUST COM-
PANY OF NEW YORK, INTERVENORS, *Appellants*, v. GEORGE
H. DENT, ET AL., *Appellees*.

Opinion Filed June 3, 1920.

While courts will not by mandamus undertake to compel the con-
tinued operation of a railroad that does not and cannot pay
operating expenses, yet a court of equity in enforcing contract
liens upon railroad property for credits obtained upon the
faith of the railroad as a going concern, has no authority to
order the operation of the road discontinued and the road dis-
mantled to be sold as junk, at least when the State, who is
interested in the continued use of the franchise granted to
operate the railroad as a common carrier, is not a party to the
proceedings.

An Appeal from the Circuit Court for Washington
County, D. J. Jones, Judge.

Order affirmed.

*E. C. Maxwell* and *Westmoreland, Anderson & Smith,*
for Appellants;

*Phillips & Bruce,* for Appellees.

WHITFIELD, J.—A bill was brought by certain bondholders and other creditors against the Birmingham, Columbus & St. Andrews Railroad Company and the Central Trust Company of New York, to impress a lien upon the property of the railroad company, and to enforce the lien by sale of the property, there being also a prayer for a receiver *pendente lite* and for general relief. The Central Trust Company of New York was the trustee named in the bonds of the railroad company. A receiver was appointed. Pending litigation interested parties were permitted to intervene. On petition of intervenors a sale of the property of the railroad company was ordered. The master appointed to make the sale reported that the railroad property was duly offered for sale and that "no bid was made or received."

The Central Trust Company of New York and two intervenors petitioned the court for an order requiring the master to "dismantle the railroad and to remove the materials comprising the same" to some convenient place and to sell said material upon such terms and conditions as the court may direct. The petition of the two intervenors endorsed by the Central Trust Company states that the former decree of sale "contemplated that the purchaser or purchasers of said railroad properties should continue to run or operate the railroad as a going concern, and should not have the right or privilege of dismantling the railroad and selling the material, rolling stock, equipment, or personal effects thereof. That as is well known to the court, said railroad is but a fragment, without connections or termini of any importance and has never been operated, either by the railroad company or by receiver, at a profit; that said railroad begins at Chipley, Florida, and runs some nineteen or twenty

miles southwest toward St. Andrews Bay, on the .Gulf of Mexico, and fails to reach said Bay by some twenty odd miles, and indeed ends practically in the woods, at a point of no commercial importance whatsoever; and in order to operate it at all, the receiver has been under the necessity of renting from a private corporation some twenty miles of road of an inferior character, which connects the line of defendant's railroad with St. Andrews Bay, which line of fragmentary road is not only not the property of defendant railroad company, but cannot be conveyed to a purchaser thereof, but may at any time in the future be taken away from the Receiver or from the purchaser of the defendant railroad; that while the Receiver in this cause has been able, and in a very unsatisfactory way, to operate the defendant railroad, by renting the fragmentary road above referred to, this plan has been not at all profitable, and indeed at times the Receiver has been compelled to issue certificates to borrow money to pay the rental for said rented road. That it is hardly within the reach of possibility that the properties of the defendant railroad can ever be sold by the court to any person or persons who will undertake to continue the operation of said railroad under the circumstances and who will pay anything for said railroad properties, over and beyond a mere normal sum—enough to pay receivership expenses; that, therefore, unless the court directs or authorizes the dismantling of the railroad and the sale of the materials thereof, and of the rolling stock, equipment and personal effects to some one who is willing to buy the same as of personality, with no obligation to operate the railroad, then the properties of the railroad must be entirely sacrificed, and the petitioners and the other bondholders of the railroad, who are the

real owners thereof, must be entirely sacrificed as to their rights and interests in said railroad. That if said railroad is dismantled and the material, rolling stock, equipment and the personal effects of said railroad sold by the court the same can be made to realize from $125,000.00 to $175,000.00."

A demurrer to the petition was interposed on the following grounds:

"1st. That petitioners have not in or by their said petition made or stated such a cause as entitles them in equity to the relief prayed or to any relief.

"2nd. That the court is without authority or power to grant the prayers of the petition.

"3rd. That the relief prayed in the petition can only be granted by the State Legislature."

On this demurrer the court made the following order:

"This cause coming on to be heard before me on petition of J. L. Anderson and W. M. Gordon and Central Trust Company of New York, praying an order directing the Receiver of the Birmingham, Columbus & St. Andrews Railroad Company to dismantel said railroad and remove all its property, rolling stock, iron rails and other physical properties to Chipley, Florida, for sale under a decree of foreclosure made herein on the petition of the above-named parties and other intervenors, upon demurrer to said petition, filed by W. S. Reyburn, Executor of the estate of J. E. Reyburn, deceased, the owner of the majority of the bonds issued by said company under a first mortgage foreclosed as aforesaid, and counsel for said parties having argued same before this court on March 30th, 1918, and submitted briefs on the question raised by said demurrer, and the court having duly and

fully considered same and now being advised of its judg-
ment to be given on said demurrer, it is, therefore, con-
sidered, ordered and adjudged that said demurrer be,
and the same is hereby sustained.

"It is further ordered that the relief prayed be, and
the same is hereby denied.

"Done and ordered at Chipley, Florida, this the 15th
day of June, A. D. 1918.   D. J. Jones, Judge."

From this order the two intervenors, J. L. Anderson
and W. M. Gordon, and the Central Trust Company of
New York appealed.

In State *ex rel.* Railroad Com'rs. v. Bullock, 78 Fla. 82
South. Rep. 866, this court announced the following propo-
sitions of law:

"The operation of a common carrier railroad is a
business so affected with a public interest that when once
undertaken and begun it cannot be discontinued and
the road so operated abandoned and authorized to be
dismantled by a proceeding in which the State and the
public are not represented, when such discontinuance and
dismantling has not been consented to by the State.

"A Circuit Court in this State has no jurisdiction in a
suit brought by a trustee against a common carrier rail-
road company to foreclose a trust deed upon the proper-
ties of such railroad company given to the trustee to
secure the payment of the indebtedness of the railroad
company without the assent of the State to order the
railroad dismantled, its properties sold and removed, and
its operation as a common carrier discontinued."

While courts will not by mandamus undertake to com-
pel the continued operation of a railroad that does not

and cannot pay operating expenses, and because of its physical conditoin the operation of the road is dangerous to its operators and to the public, (See State ex rel. Burr v. Tavares & G. R. Co., 78 Fla., 329, 82 South, Rep. 833; Brooks-Scanlon Co. v. Railroad Commissioners of Louisiana, —— U. S. ——, Sup. Ct. Rep. ——, decided January 6, 1920), yet a court of equity in enforcing contract liens upon railroad property for credits obtained upon the faith of the railroad as a going concern, has no authority to order the operation of the road discontinued and the road dismantled to be sold as junk, at least when the State, who is interested in the continued use of the franchise granted to operate the railroad as a common carrier, is not a party to the proceedings. State ex rel. Railroad Com'rs. v. Bullock, supra.

The State was not made a party and did not appear in the proceedings and there was no error in sustaining a demurrer to the petition asking for a dismantling of the railroad.

Order affirmed.

TAYLOR, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents.