STATE, *ex rel.* HERBERT M. DAVIDSON, v. M. S. COUCH, as City Manager, *et al.*

161 So. 431.
Opinion Filed May 13, 1935.

*Green & West, W. J. Oven, James Messer, Jr.,* and *W. J. Oven, Jr.,* for Relator;

*Millard B. Conklin,* and *H. B. Hodgden,* for Respondents.

PER CURIAM.—On January 2, 1935, this Court issued a peremptory writ of mandamus, the command of the writ being as follows:

"Now, Therefore, we do command you, M. S. Couch, as City Manager, and Francis Mills as City Clerk and Collector, of the City of Daytona Beach, Volusia County, Florida, and each of you, individually and/or in your official capacity as aforesaid, that you do forthwith permit the said relator, Herbert M. Davidson, in person and by the said J. L. Robertson, his duly authorized agent or representative, to make such inspection and inspections from time to time during regular office hours, of any and all of said City of Daytona Beach, as he, the said Herbert M. Davidson, may so desire to inspect, within the terms and provisions of the law.

"And in this you shall in no wise omit, and how you shall have obeyed and executed this writ make known to this Court on or before the 9th day of April, A. D. 1935."

On January 26, 1935, the respondents filed the following as a return to the peremptory writ;

"Comes now the respondents, M. S. Couch, as City Manager, and Francis Mills as City Clerk and Collector of the City of Daytona Beach, Volusia County, Florida, and make this their return to the peremptory writ of mandamus issued by the court on the 2nd day of January, A. D. 1935, served on the respondents by the Sheriff of Volusia County, Florida, at twelve o'clock noon on January 16th, A. D. 1935, and shows unto the court as follows, to-wit:

"1. That on to-wit: the 22nd day of January, A. D. 1935, they allowed J. L. Robertson, a certified public accountant and one C. S. Pierce, to the respondents unknown, to enter the City Hall of the City of Daytona Beach and made accessible to them all the books and records of the

City of Daytona Beach; and shows that the said J. L. Robertson and C. S. Pierce have been engaged in inspecting the books and records from the 22nd day of January, A. D. 1935, until the present time.

"2. That the said J. L. Robertson and C. S. Pierce are engaged in inspecting and auditing the records and books of the City of Daytona Beach, Volusia County, Florida, for and on behalf of Herbert M. Davidson.

"3. That the respondents have fully complied with the peremptory writ of mandamus.

"4. That in addition to complying with the peremptory writ of mandamus as aforesaid, these respondents have permitted the said C. S. Pierce to inspect the records in connection with the said J. L. Robertson.

"Dated at Daytona Beach, Volusia County, Florida, on this the 25th day of January, A. D. 1935."

On May 1, 1935, the relator filed a motion to quash the purported return to the peremptory writ of mandamus heretofore issued herein, upon the following grounds, to-wit:

"1. Said purported return was filed prematurely.

"2. Said purported return is insufficient and does not show a strict and literal compliance with the peremptory writ heretofore issued herein.

"3. Said purported return shows upon its face that the respondents have assumed the power of deciding as a matter of law what was or is a sufficient compliance with the said peremptory writ.

"4. Said purported return in effect evades the commands of the Court under the peremptory writ heretofore issued herein.

"5. Said purported return fails to show compliance by the respondents with the duty imposed upon them by statute

as sought to be enforced by this Court through its peremptory writ of mandamus."

"A certificate showing in general terms a performance of the several specific acts commanded to be done by a peremptory mandamus is the proper response to such writ.

"A simple statement that all of the acts required to be performed by the peremptory writ have been performed, is all that is necessary.

"If the statement or response is not true, then upon proper allegations and proofs, either a rule to show cause or an attachment for contempt will issue." State, *ex rel.* Bisbee, v. Bd. County Canvassers, 17 Fla. 9, text 10, 22, 23. See also Drew v. State Canvassing Bd., 16 Fla. 17; Crandall's Florida Common Law Practice, p. 651; C. H. & N. R. R. Co. v. Walles, 78 Fla. 227, 82 So. 770; State, *ex rel.,* v. T. & C. G. R. Co., 78 Fla. 329, 82 So. 833; State, *ex rel.,* v. Livingston, 104 Fla. 33, 139, So. 360. "The return, however, is not conclusive, and the relator may controvert its correctness by motion to require the respondent to show cause why he should not be attached for contempt for disobeying the order of the Court in the particulars as set out in the motion." Encyc. Pleading & Practice, Vol. 13, p. 794.

The peremptory writ commanded the respondents to permit "Herbert M. Davidson, in person and by the said J. L. Robertson, his duly authorized agent or representative, to make such inspection and inspections from time to time during regular office hours, of any and all of the municipal records and books of account of said City of Daytona Beach, as he, the said Herbert M. Davidson, may so desire to inspect, within the terms and provisions of the law."

Obedience to the writ was required to be made known to this court on April 9th, 1935.

It is obvious that the "return," dated January 25th, 1935,

does not show a compliance with the peremptory writ. The conclusion stated that "the respondents have fully complied with the peremptory writ of mandamus," is not sustained by the statements in the "return" that respondents allowed J. L. Robertson and another "to enter the City Hall * * * and made accessible to them all the books and records of the city" and that such persons "have been engaged in inspecting and auditing the books and records from the 22nd day of January, A. D. 1935, until the present time," which was January 25, 1935, and the other statements with the quoted conclusion contained in the "return" as quoted above are insufficient as a "statement that all of the acts required to be performed by the peremptory writ have been performed."

Let an order be issued repeating the mandate of the peremptory writ, and directing a strict compliance with the order and direction of the court in this behalf, and that the respondents do perfectly execute the duty heretofore and hereby enjoined upon them, and that respondents shall on or before the 12th day of June, 1935, make known to this court how they shall have obeyed and executed such writ and this order. State, *ex rel*. Bisbee, v. Bd. County Canvassers, 17 Fla. 9, text 23.

Consideration of the rule in contempt heretofore issued to respondents in this cause will be continued until further order of this Court.

Appropriate orders will be entered as above required.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.