REX SWEAT, Sheriff, v. B. R. DALEY.

156 So. 720.

Opinion Filed October 5, 1934.

*Edward S. Hemphill,* for Appellant;

*Nathan J. Roberts* and *Dillon Hartridge,* for Appellee.

PER CURIAM.—This is an appeal from a final decree of the Circuit Court granting a permanent injunction against the Sheriff of Duval County perpetually restraining him from seizing, molesting, taking, interfering with or preventing, directly or indirectly, the operation of certain described

.slot machines shown to have been seized by the sheriff as prohibited gambling devices, and decreeing the return to complainant of the seized machines.

Slot machines are not unlawful *per se* but may be unlawful and subject to seizure if constructed or permitted to be operated as gambling devices in violation of Section 7657 C. G. L., 5499 R. G. S., Kirk v. Morrison, 108 Fla. 144, 146 Sou. Rep. 215.

. A slot machine shown to be constructed principally as a vending device for dispensing small articles of merchandise such as candy, mints, confections ,and the like, but which in addition is so designed as to be operated by the insertion of a coin therein whereby the player of same in any event receives the article of merchandise offered to be vended in consideration of the coin, but may for his money also win something additional in the form of checks, slugs or other metallic symbols or objects that can be used for again operating the same machine, or retained by the recipient for the purpose of operating other machines of like character wherever situated, or which may be kept and enjoyed by the recipient for whatever may be their intrinsic value or worth as pieces of metal, souvenirs and the like, is not as a matter of law such a nongambling device that a court of equity should undertake to enjoin the sheriff or other police officers of a county from seizing and holding such slot machine, subject to the order of a court of criminal jurisdiction, to be used as evidence against the owners or operators thereof, and afterward disposed of as the court of criminal jurisdiction shall direct.

Courts of equity should not enjoin proceedings under a valid criminal statute, although the acts of the accused may ultimately be held not to be within its provisions, and the threatened proceedings under the criminal law may be de-

structive of property rights in the meantime, where the asserted rights prayed to be protected by the injunction sought, are of doubtful validity under the criminal statute in controversy, and have never been duly submitted for adjudication in the courts of criminal jurisdiction. Littleton v. Burgess, 14 Wyo. 173, 82 Pac. Rep. 864, 2 L.. R. A. (N. S.) 631; Old Dominion Tel. Co. v. Powers, 140 Ala. 220, 37 Sou. Rep. 195; Biddles v. Enright, 239 N. Y. 354; 146 N. E .Rep. 625, 39 A. L. R. 766; Cutsinger v. City of Atlanta, 142 Ga. 555, 83 S. E. Rep. 263, Ann. Cas. 1916-C 280, L. R. A. 1915-B 1097; Carey v. City of Atlanta, 143 Ga. 192, 84 S. E. Rep. 456, Ann. Cas. 1916-E 1151, L. R. A. 1915-D 684; Chambers v. Batchel, 55 Fed. (2nd) 851.

Where a statute is probably unconstitutional and its enforcement affects property or personal rights or if valid involves a multiplicity of suits that would render a defense against attempted enforcement in a particular instance unduly burdensome on property or personal rights before a final decision could be rendered for their protection, the rule is different. Truax v. Raich, 239 U. S. 33, 36 Sup. Ct. Rep. 7, 60 L. Ed. 131, Ann. Cas. 1917-B, 283, L. R. A. 1916-D 545, Note L. R. A. 1916-C 271; Maxcy, Inc., v. Mayo, 103 Fla. 552, 139 Sou. Rep. 121.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.