85 So.2d 731 (1956)
T.K. LARKIN and Ida M. Larkin, his wife, Appellants,
v.
John E. TSAVARIS, Appellee.
Supreme Court of Florida, Division A.
March 2, 1956.
Finch & Mosley, Clearwater, for appellants.
James M. Stevens, Tarpon Springs, for appellee.
*732 HOBSON, Justice.
Defendants here appeal from so much of a final decree in an equity suit as was favorable to the plaintiff-appellee.
This is a case wherein the chancellor heard all of the testimony and observed the witnesses. His findings are therefore entitled to the highest degree of respect, and we regard all factual disputes with great circumspection. Moreover, the chancellor has favored us with an opinion containing detailed findings, and, in addition thereto, the final decree is prefaced with basic findings in summarized form.
The final decree, omitting formal parts, reads as follows:
"1. The evidence shows, and the court finds, that the defendants have maintained multiple dwelling units in their dwelling house but inasmuch as it appears to the court that said dwelling house was used for multiple dwelling units prior to the time defendants purchased said property and also that such use is made of other homes in the immediate area, no material deterioration in the value of the plaintiff's property has been caused thereto.
"2. The evidence shows, and the court further finds, that the outbuilding situated on defendants' property has been converted to an apartment and operated for commercial purposes in violation of the zoning laws of the City of Tarpon Springs, Florida, then and now in effect; and the court finds that the plaintiff's property has materially deteriorated in value as a result thereof.
"3. The evidence shows, and the court further finds, that the defendants' arbitrary action in removing the wheels from the house trailer and attaching said house trailer to defendant's home thus providing an additional room without first obtaining permission of the City of Tarpon Springs was in violation of the ordinances of the City of Tarpon Springs, Florida; and the court finds that the attachment of said house trailer to defendants' dwelling has caused plaintiff's adjoining property to deteriorate in value.
"4. The evidence shows, and the court further finds, that the construction and maintenance of the log fence between plaintiff's and defendants' property is unreasonable and serves no useful purpose but to annoy plaintiff and the members of his family; and the court finds that said log fence at its present height has caused plaintiff's property to deteriorate in value.
"It is therefore ordered, adjudged and decreed:
"1. That plaintiff's prayer for an injunction against the use of the dwelling house of defendants as a multiple dwelling unit, be, and the same is, hereby denied.
"2. That the defendants be, and they are, hereby restrained and permanently enjoined from using the converted outbuilding on their property for rental purposes for the production of income or in any manner for commercial purposes.
"3. That the defendants be, and they are, hereby restrained and permanently enjoined from using and maintaining the house trailer so long as same is attached to their dwelling house, or for habitation in any manner on their property, and defendants are hereby ordered and directed to remove forthwith said house trailer from the dwelling house where it is presently attached.
"4. That the defendants are hereby ordered and directed forthwith to reduce the height of the log fence situated between plaintiff's and defendants' house to a height of not more than five (5) feet.
"It is further ordered, adjudged and decreed that one-half of the plaintiff's court costs be paid by the plaintiff, John E. Tsavaris, and one-half of said costs shall be paid by the defendants, T.K. Larkin and Ida M. Larkin."
*733 Appellants seek to interpret finding number 1 and certain portions of the opinion of the chancellor as an adjudication that the neighborhood had so materially changed that the city zoning laws were no longer effective, and to reason from this premise that appellants were making a "lawful use of their property" throughout, which it was error to enjoin. But a careful reading of finding number 1, and paragraph number 1 of the final decree entered consequent thereupon, demonstrates that the chancellor refused to enjoin the use of the dwelling house as a multiple dwelling unit not because such use was unlawful under the ordinance, but because "no material deterioration in the value of plaintiff's property has been caused thereby."
We note parenthetically that insofar as this suit partakes of the nature of a suit to enjoin a private nuisance, the validity of the chancellor's consideration, in finding number 1, of the fact that "said dwelling house was used for multiple dwelling units prior to the time defendants purchased said property" might be questionable under Lawrence v. Eastern Air Lines, Fla., 81 So.2d 632, 634, wherein we held it no defense that the plaintiff "`came to the nuisance.'" But this point is not raised, and can have no effect upon the outcome of this appeal.
Appellants contend that injunction is a drastic remedy and should not have been granted to restrain a "lawful use" of property. But the uses restrained were determined by the chancellor to be unlawful in each instance, in that they violated the zoning ordinance as well as depreciated the value of appellee's property. The one exception was the "spite fence" alluded to in finding number 4 which could, of course, be enjoined as a private nuisance. No abuse of discretion has been shown.
Although we have considered all points raised, the only one remaining to which we find it necessary to refer is the contention of appellants that this suit should have been held barred by laches. It appears from the record that plaintiff-appellee acted with all due diligence as soon as he discovered the facts upon which he ultimately sued. Plaintiff's first efforts, however consisted of attempts to persuade the city officials to enforce the city zoning ordinance. The chancellor's refusal to apply the laches doctrine is adequately supported by the record.
Affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.