PER CURIAM.
The appellee sought an injunction against the City of Miami Beach to enjoin interference with its valet service operated by it in the Crown Hotel in Miami Beach, Florida. The chancellor granted a temporary injunction and, on final hearing, made the injunction permanent.
The appellant contends that a valet service operated with equipment installed in a structure zoned for hotels violates the zoning ordinance by performing dry cleaning services for persons outside the hotel in which the equipment is located. No authorities have been cited for this posi *755 tion by the appellant, and the ordinance itself does not appear to he broad enough to encompass the position which the appellant seems to take on appeal. Since the zoning ordinance — No. 289 — is not broad enough to encompass the prohibition against furnishing valet services beyond the limits of the hotel in which the equipment is located, we conclude that the appellant’s remedy is through appropriate legislation if it feels that the situation complained of should be remedied.
Finding as we do that no reversible error has been demonstrated, the decree appealed should be and is hereby affirmed.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.