136 So.2d 243 (1962)
Alice Iola HUDSON, Appellant,
v.
Daniel M. TABAS and Evelyn Tabas, His Wife, Appellees.
No. 61-236.
District Court of Appeal of Florida. Third District.
January 4, 1962.
Rehearing Denied January 26, 1962.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for appellant.
Royal Flagg Jonas, Miami Beach, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
The plaintiff, Alice Iola Hudson, and the defendants, Mr. and Mrs. Daniel M. Tabas, are adjoining homeowners in an exclusive residential neighborhood in Dade County, Florida. Miss Hudson brought a complaint in which she charged that Mr. and Mrs. Tabas had erected structures which encroached upon her property. In addition she alleged that the defendants had built an addition to their residence so that it came within ten inches of the property line and to within ten feet of the plaintiff's house. She complained that the addition constituted a violation of a zoning ordinance of the municipality in which the two homes are located. The ordinance requires that every building shall be constructed not less than seven and one-half feet from the side lot line. Miss Hudson complained that Mr. and Mrs. Tabas erected the aforesaid addition without a building permit. She claims that the value of her property has been greatly diminished and that she has been deprived of her quiet enjoyment and peaceful occupancy of the premises.
The chancellor, upon motion of the defendants, struck from the complaint all allegations pertaining to the addition to defendants' house. The cause proceeded to trial and by the final decree the plaintiff was granted an injunction requiring the defendants to remove the structures which were encroachments. The plaintiff appeals the final decree and assigns as error the interlocutory order which struck from her complaint the matters concerning the violation of the zoning ordinance. We reverse.
*244 The issue is whether plaintiff's complaint relative to the addition to her neighbors' house stated a cause of action. Two Florida cases set forth the law applicable to the question. The first of these is Larkin v. Tsavaris, Fla. 1956, 85 So.2d 731. In that case the defendant appealed from a final decree wherein the chancellor found that certain outbuildings on defendant's property were in violation of zoning ordinances of the City of Tarpon Springs, Florida. The chancellor found that these violations materially deteriorated the value of the plaintiff's property and the defendant was enjoined from the use of the outbuildings and directed to remove them. Upon appeal, the Supreme Court held that under these facts, the plaintiff-adjoining property owner was entitled to the injunction granted.
The second case is Boucher v. Novotny, Fla. 1958, 102 So.2d 132. In that case the appellants-plaintiffs sought reversal of a decree dismissing a complaint which sought to enjoin violations of setback requirements. The plaintiffs' property was located on the northwest corner of an intersection and the defendant's property was located on the northeast corner. The Supreme Court held that the complaint was properly dismissed because one who seeks redress for the violation of a municipal zoning ordinance must allege and prove damages peculiar to himself and differing in kind from the damages suffered by the community as a whole.
Thus the issue before us is resolved into a question of whether the complaint contained a sufficient allegation of damages. That is, are the damages alleged different in kind from those suffered by the community as a whole?
We hold that the damages are different in kind. The complaint shows that the plaintiff was a contiguous owner. By the erection of the offending building the defendants have denied to the plaintiff the right to have the open space provided by ordinance between her house and that of her neighbor. This is not the sort of damage which the other neighbors have suffered. See Conrad v. Jackson, Fla. 1958, 107 So.2d 369, 371. It is conceivable that the structure erected may be so artistically perfect that it is an asset to the community. Yet the plaintiff demands the open space which is important to one addicted to Florida air and sunshine.
We therefore hold that the order of the chancellor striking paragraphs 4, 5, 6, 7 and 8 of plaintiff's complaint must be reversed upon authority of Larkin v. Tsavaris, supra. It will not be necessary for the chancellor to set aside the decree which granted to the plaintiff the relief relative to the removal of the encroachment and granted to her costs thus far expended in the cause. That decree may now be regarded as interlocutory and the chancellor is directed to enter an order denying defendants' motion to strike. The cause may then proceed upon the issue made after defendants have been afforded an opportunity to answer the remaining portion of the complaint.
Reversed in part and remanded with directions to proceed in accordance with this opinion.