140 So.2d 877 (1962)
R.W. COTNEY et Ux., Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF BAREVARD COUNTY, Florida, Appellee.
No. 2608.
District Court of Appeal of Florida. Second District.
May 9, 1962.
*878 Hale Baugh and Shepard & Dykes, Cocoa, for appellants.
Leon C. Stromire, Cocoa Beach, for appellee.
WHITE, Judge.
This is an appeal by R.W. Cotney and wife, defendants below, from a final decree for the plaintiff appellee Board of County Commissioners of Brevard County, Florida.
Defendants moved a trailer home onto their Brevard County land in 1957 and later that year constructed a concrete block building on the same land. In March 1958 they opened a grocery store in the building and prepared to construct an addition thereto the following April. Their application for a building permit was denied and returned to them four days before the county zoning regulations went into effect.
In July 1958 the plaintiff Board proposed that the defendants alter their existing building and agree to waive any claim for damages in the event the county should determine to widen the highway in front of their store. The defendants agreed to improve their store in line with code standards. In November 1959 the Board warned the defendants that the plywood covers placed on their outside ice boxes were not allowed.
In December 1959 the defendants were again denied a permit to complete the addition to the old structure. They were, however, granted a permit to build a cabana for their trailer. Thereafter in April 1960 the defendants, without a permit and contrary to zoning regulations, began to complete the addition to the building. The Board thereupon obtained a stop work order and brought suit for mandatory injunction requiring the defendants to remove the alleged unauthorized addition. The defendants counterclaimed to compel the plaintiff to permit the completion of the addition. The chancellor entered final decree for the plaintiff Board and directed *879 that the defendants remove their addition. The defendants appealed.
The defendants' first contention on appeal is that the pouring of the concrete slab and the erection of several courses of concrete block adjacent to their existing building prior to the adoption of the zoning regulations gave them a vested right to complete the addition. The defendants cite San Diego County v. McClurken, 1951, 37 Cal.2d 683, 234 P.2d 972. It is noted that in order to come within the protection of the rule enunciated in that case the California court held that the construction must have been legally undertaken:
"* * * If an owner has legally undertaken the construction of a building before the effective date of a zoning ordinance, he may complete the building and use it for the purpose designed after the effective date of the ordinance." (emphasis added)
The building codes in the present case require the taking out of building permits in Brevard County after January 1, 1958. The defendants had neither applied for nor obtained a permit when they began construction of the addition on April 8, 1958. Upon being advised that a permit was necessary, they made application which was denied. The defendants nevertheless continued to build. This construction was undertaken illegally and therefore does not comport with the rule in the California case, supra, assuming such rule to be prevalent in Florida.
The defendants' next contention is that the denial of their application for a building permit was unreasonable. It is notable that defendants' application was rejected because their existing building was substandard and "did not meet code requirements." The record discloses, in fact, that even the finished addition failed to meet code requirements.
The chancellor heard the testimony and observed the witnesses and presumption favors the correctness of his findings. Larkin v. Tsavaris, Fla. 1956, 85 So.2d 731, 732. The defendants failed to meet the burden of establishing that the plaintiff's withholding of the permit was unreasonable or that the chancellor in any wise committed error in this respect.
The defendant's third and final contention is that the order requiring removal of the addition to the old building is unreasonable and contrary to the equities as disclosed by the evidence. The contention is devoid of merit. Pertinent Chapter 57-1162, Special Acts 1957, consistently contemplates that the courts may issue injunctive orders in proceedings involving infractions of zoning regulations. Such orders may be mandatory as well as strictly prohibitive when necessary to implement decisions on the merits.
There was no evidence in this case that the direction for removal of the addition to the old store building would operate as an unwarranted hardship. The defendant R.W. Cotney was employed by Pan American World Airways and operated the store as a sideline. The old building may continue to be used for the purpose of its original construction prior to the enactment of the zoning regulations. Larkin v. Tsavaris, supra, although a suit between private parties, parallels the instant case. The defendants there converted an out building and attached a house trailer to their home in violation of zoning laws. The Florida Supreme Court agreed that such infraction caused the plaintiff's adjoining land to deteriorate in value and that the chancellor did not err in directing removal of the house trailer and ordering reduction in the height of a fence.
There appears no error in the decree appealed.
Affirmed.
SHANNON, C.J., and SMITH, FRANK A., Associate Judge, concur.