PER CURIAM.
Plaintiff brings this interlocutory appeal' from an order dismissing his complaint by which he sought to enjoin the defendant authorities from enforcing a penal ordinance and disrupting his stabling and use of certain ponies in connection with a nursery school in residential Fort Lauder-dale. The chancellor recited in his order that “the plaintiff is seeking to enjoin the city from the enforcement of its police powers and, normally, a court of equity does not interfere with the city’s enforcement of its police powers.”
Plaintiff petitioned for a Constitutional Writ of Injunction pending this appeal and defendants moved to quash the appeal. Previously deferred, the petition and motion are denied.
Plaintiff alleged in substance that he was charged and tried and adjudged guilty in municipal court under an invalid ordinance and that his conviction is now on appeal to' circuit court; that the defendants have arrested him again and threaten additional arrests to compel him to conform to the ordinance; that his nursery school has been in operation since 1957 and represents a considerable investment in buildings, playground, swimming pool, pony stables and other facilities, and that at the time of its establishment the property was zoned R-O *798 which permitted the keeping of ponies; that the riding of ponies is part of the school curriculum; that the defendant city unlawfully changed its zoning by amendment without requisite notice and formality and, by the enforcement thereof, attempts to deprive plaintiff of the use of his property without due process of law although the use aforesaid began prior to the amendatory ordinance and is a valid nonconforming use. The complaint concludes with averments of irreparable injury and inadequate remedy at law and a prayer for injunctive relief against repeated harrass-ments by the defendants. The defendants contend that their action is prima facie a valid exercise of the police power which the complaint does not effectively negate or show to have been abused, and that the complaint is otherwise insufficient.
The appealed order is affirmed in view of our agreement that the complaint does not bring plaintiff’s case within a recognized exception to the general rule that equity will not intervene to restrain the enforcement of a criminal statute or a regulatory police ordinance even where it allegedly is being enforced in an oppressive and unlawful manner. As to the alleged invalidity of the ordinance, it affirmatively appears that it is being tested in circuit court on appeal from plaintiff’s conviction. This is a circumstance that fortifies the chancellor’s ruling. The suggestion of irreparable injury is not supported by sufficient factual averment.
The general rule which we find controlling and the exceptions, held inapplicable, are set forth in numerous authorities some of which we cite without quoting. Jacksonville v. Wilson, 1946, 157 Fla. 838, 27 So.2d 108; Stocks v. Lee, 1940, 144 Fla. 627, 198 So. 211; Ruff v. Fisher, 1934, 115 Fla. 247, 155 So. 642; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed 1416, 28 Am.Jur. Injunctions §§ 237, 241; Sweat v. Daley, 1934, 116 Fla. 755, 756, 156 So. 720; Blitch v. City of Ocala, 1940, 142 Fla. 612, 195 So. 406; City of Miami Beach v. The Texas Co., 1940, 141 Fla. 616, 194 So. 368, 128 A.L.R. 350; City of Miami Beach v. R. & G. Inc., Fla.App.1960, 123 So.2d 754.
In concluding that the complaint, among other things, does not sufficiently indicate that the rights of the parties cannot be adequately adjudicated at law through proceedings at the trial and lower appellate levels, we necessarily affirm the order of dismissal.
Affirmed.
SMITH, C. J., and ALLEN and WHITE, TT., concur.