175 So.2d 198 (1965)
Bertram C. ELLISON, Petitioner,
v.
CITY OF FORT LAUDERDALE, a municipal corporation, et al., Respondents.
No. 33810.
Supreme Court of Florida.
April 14, 1965.
Rehearing Denied June 7, 1965.
Morgan, Carratt & O'Connor, Ft. Lauderdale, for petitioner.
C. Shelby Dale, James E. Edwards and William J. Lee, Ft. Lauderdale, for respondents.
BARNS, PAUL D., Justice (Ret.).
Upon certiorari granted to review Ellison v. City of Fort Lauderdale, Fla.App., 166 So.2d 797, as in conflict with Thompson v. City of Miami, Fla., 167 So.2d 841, and other cases "on the same point of law," we qualifiedly affirm, with directions on remand.
*199 In Harris v. Goff, Fla.App., 151 So.2d 642, we stated:
"Suits in equity seeking injunctive relief against a zoning ordinance or resolution on the ground that it is arbitrary, capricious, confiscatory or impinges on some right or guarantee of the Constitution of this State has long been the traditional method of assaulting the validity of zoning ordinances or resolutions. As said by the Supreme Court in De Groot, supra: `Injunction has been many times employed to assault legislative action at the state and local level where such action allegedly impinged on some constitutional right. Attacks on municipal zoning ordinances are typical.' The foregoing procedure has been repeatedly recognized, and approved by the appellate courts of this state."
and in Thompson v. City of Miami, Fla., 167 So.2d 841, it is stated:
"* * * Village of Pembroke Pines v. Zitreen et al., Fla.App., 143 So.2d 660 supports the conclusion which we here reach that an assault on the validity of a zoning ordinance may be accomplished by a suit in equity, rather than statutory certiorari under Section 176.16, Florida Statutes, F.S.A. * * *"
Ellison's complaint sought relief in equity by injunction against the City enforcing a municipal ordinance affecting his business; the Chancellor sustained the City's motion to dismiss, with leave to the plaintiff to file an amended complaint, from which order Ellison prosecuted an interlocutory appeal. Upon the appeal, the Chancellor was affirmed, 166 So.2d 797.
It is clear that the Chancellor and the District Court denied relief on the ground that normally a court of equity will not intervene to restrain the enforcement of a criminal statute or a regulatory municipal ordinance. The District Court epitomized the allegations of the complaint to the effect that the plaintiff had been prosecuted under the alleged invalid ordinance and threatened continuously and repeated prosecutions so long as the plaintiff failed to conform thereto in the management and operation of his nursery school and kindergarten which he has operated since 1957.
It appears that the basis of the controversy is the maintenance by Ellison of two ponies at his school, located on his own property for use in his school. Plaintiff's complaint alleges that his property and kindergarten "is located in zone R-O" and that the "maintaining of ponies in R-O classification was permitted"; the complaint further states:
"4. In an attempt to make it unlawful for Plaintiff to continue to maintain ponies on his above described property, the City of Fort Lauderdale made an abortive attempt to amend Section 6-6 of the City Code by adding to the other classifications therein set forth the R-O classification. The purported amendment was passed on the basis of three readings which took place on the same day and without any public notice or public hearing relative to the passage of the amended ordinance as required by the Charter of the City of Fort Lauderdale, the Statutes of the State of Florida, and the Constitutions of Florida and the United States.
"5. Plaintiff alleges that Section 6-6 of the Fort Lauderdale City Code as amended is null, void and of no force or effect. * * *"
because the amended ordinance (i) did not comply with the essential requirements of law; (ii) did not comply with the notice provisions of the City Code and the applicable provisions of the Florida Statutes or; (iii) did not comply with the requirements of the Florida and United States Constitutions.
*200 The foregoing allegations are principally the pleader's conclusions and not the ultimate facts. The provisions of the "R-O" ordinance are not stated, nor is Section 6-6 of the City Code attempted to be stated, nor the Charter provisions. To plead ideas or conclusions are permissible when applied to stated facts. Conclusions do not make a pleading bad, but they serve no useful purpose unless supported by facts shown in support of the conclusion. When appropriate facts are alleged, conclusions serve a useful purpose in pointing out the inference intended to be relied on by the pleader, and the point of law upon which the court may make its conclusion of law, as applied to the facts.
Rule 1.11(b) (6), Florida Rules of Civil Procedure, 30 F.S.A., provides that the defense of "(6) failure to state a cause of action" may be made by motion. Rule 1.11(b) (6) is like Rule 12(b) (6), Federal Rules of Civil Procedure, except that clause (6) of the Federal Rule reads "(6) failure to state a claim upon which relief can be granted," which language of the Federal rule is nothing more or less than the definition of a "cause of action." Both rules mean the same. Martin v. Highway Equipment Supply Company, Fla. App. 1965, 172 So.2d 246.
Volume 2, Moore's Federal Practice, 2d Ed., § 12.08, p. 2244-2245 states:
"The motion to dismiss under Rule 12(b) (6) performs substantially the same function as the old common law general demurrer. A motion to dismiss is the usual and proper method of testing the legal sufficiency of the complaint. For the purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.
"`A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Pleadings are to be liberally construed. * * *"
For an application of the language of the foregoing quotation which has been underscored, see Martin v. Highway Equipment Supply Company, supra. When appellant's complaint is tested by the rule of law to be applied as above stated, and the conclusions of law are ignored, it is clear that the complaint is without merit because of the absence of sufficient facts to make a good claim or to state a cause of action. The lower court did not err in sustaining the motion to dismiss and granting leave to file an amended complaint. Plaintiff's complaint was not sufficiently well pleaded.
Since jurisdiction has been obtained because of conflict we will dispose of the conflict on what was said as distinguished from what was done. It seems clear that the appellant-plaintiff sought relief to protect his business interest against repeated enforcement of an alleged invalid ordinance, the enforcement of which interfered with his property interest. His complaint was not merely to seek a restraint against the prosecution under an invalid ordinance  it has a broader foundation impinging on plaintiff's right to continue to use his property as he had been using it before the enactment of the zoning ordinance. As stated in the leading zoning case of Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016, the "equity jurisdiction is clear" to hear and consider an attack on an ordinance that violates the constitutional protection by attempted *201 regulation of the use of plaintiff's property by municipalities under the guise of the police power. See also Thompson v. City of Miami, Fla. 1965, 167 So.2d 841, City of Miami Beach v. Texas Co., 141 Fla. 616, 194 So. 368, 128 A.L.R. 350. Any restrictions imposed by the police power must be upheld when they bear a reasonable relationship to the public health, morals, safety or general welfare. Otherwise, they are arbitrary and capricious and unconstitutional for want of equality before the law.
The District Court in the case sub judice held that "equity will not intervene to restrain the enforcement of a criminal statute or regulatory police ordinance even where it allegedly is being enforced in an oppressive and unlawful manner." However, in this case the complaint was not based on the "manner" of enforcement but the grounds that the ordinance was being enforced, that it was illegal, and that repeated arrests were threatened, unless plaintiff changed his business practices to conform to the allegedly illegal ordinance, which are grounds for invoking equity jurisdiction when the complaint is sufficient. Furthermore, threats of repeated arrest under an invalid ordinance regulating a business may be irreparable.
Affirmed in part and reversed in part with leave granted to the District Court to allow an amended complaint to be filed, if leave deemed an essential prerequisite to the filing of an amended complaint.
DREW, C.J., ROBERTS and O'CONNELL, JJ., and McCORD, Circuit Judge, concur.