WIGGINTON, Judge.
Plaintiff has appealed a final order dismissing with prejudice his amended complaint for declaratory decree brought pursuant to the provisions of F.S. Chapter 87, F.S.A. Appellant contends that the chancellor erred in holding that his amended complaint failed to state grounds entitling him to the relief prayed, and furthermore abused his discretion in dismissing the complaint with prejudice and denying the motion incorporated in his petition for rehearing for leave to file a second amended complaint.
In the original complaint filed by appellant, appellee Drake, as Justice of the Peace of Duval County, and one Troy Plymel were named as defendants. In summary the complaint alleged that on a date preceding the institution of this action, Plymel signed an affidavit charging appellant with the criminal offense of petit larceny. Based upon this affidavit, ap-pellee Drake as Justice of the Peace issued a warrant pursuant to which appellant was arrested and required to post bond for his release. At the preliminary hearing Plymel admitted under oath that he had not seen appellant feloniously or unlawfully take any of his money, and that he was never employed by appellant. Despite this testimony by the prosecuting witness, appellee Drake bound appellant over to the Criminal Court of Duval County for trial. Upon investigation of the case by the assistant county solicitor, a no bill notice was entered for the stated reason that no criminal offense was made out against appellant. As a proximate result of the affidavit filed by Plymel, and the action of appellee Drake in binding appellant over for trial in the Criminal Court of Duval County, appellant was obligated to retain the services of attorneys to represent him both at the preliminary hearing and in the criminal court proceedings.
*379 As a predicate for a declaration of- rights appellant alleged that he was in doubt as to whether appellee Drake as Justice of the Peace exceeded the authority of her office, disregarded her oath of office, could lawfully assume facts not in evidence, and cause a person to be imprisoned for debt. The complaint prayed that the court take jurisdiction of the parties and the cause; that a judicial declaration be made finding that appellee Drake exceeded the authority of her office and disregarded her oath in binding appellant over to the criminal court to stand trial for the charge placed against him, and in causing appellant to be imprisoned for nothing more than a civil debt. The complaint further prayed for damages, both compensatory and punitive, and for other relief.
Appellee filed a motion to dismiss the complaint for failure to state a cause of action. Before the motion was heard by the court, appellant filed an amended complaint containing two counts in which Troy Plymel was dropped as a party defendant. Count one of the amended complaint incorporated all of the material allegations and prayer for relief contained in the original complaint. Count two re-alleged the allegations of count one and alleged that appellee Drake’s action in binding appellant over to the criminal court to stand trial for the charge placed against him and by assuming facts not received in evidence at the preliminary hearing constituted malfeasance in office, as a proximate result of which appellant was injured. Judgment for damages in excess of $600.00 was demanded. In addition to his amended complaint appellant also filed a motion requesting that in the event the court determines that count one of the amended complaint does not state a cause of action, but that count two is sufficient to warrant the relief prayed, that the case be transferred to the law side of the court for trial by jury on count two.
Upon consideration of the amended complaint, and the motion to dismiss directed thereto, the chancellor entered the order appealed herein dismissing the amended complaint with prejudice.
With regard to count one by which áppellant sought a declaratory decree, the chancellor expressed the view that such remedy is not available as a vehicle to review the judicial action of a justice of the peace in a criminal proceeding which has been fully terminated. With this conclusion we agree. The complaint fails to allege facts showing the existence of any justiciable issue between appellant and appellee which could be the subject of a declaration of rights. By this count appellant sought nothing more nor less than legal advice with regard to a completed transaction. The declaratory decree procedure was never intended to be employed as a vehicle for the accomplishment of the purpose attempted by appellant in this case. In Miller v. Miller, the Second District Court of Appeal, speaking through Judge Smith, said:
“* * * A complaint for a declaratory decree should clearly allege facts setting out who the persons are who have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; and all of such persons should be before the court by proper process in order that it should affirmatively appear that ‘the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.’ if; * ^»[1]
With regard to count two, the order of dismissal recites the conclusion of the chancellor that no action can be maintained against the judge of any court for an error in judgment committed in the execution of his official duties. With this conclusion we are likewise in full agree *380 ment. The facts alleged in the amended complaint, if true, amount to nothing more than a charge that appellee committed an error in judgment when she concluded from the evidence adduced at the preliminary hearing that appellant should be bound over to the Criminal Court of Duval County for trial. The complaint fails to allege any facts from which appellee could be found guilty of an evil, malicious or unlawful act committed in the performance of her judicial duties. If, as alleged, the evidence was insufficient to justify the prosecution against appellant, or if appellee assumed facts not in evidence as a basis for the conclusion reached by her, such constituted judicial errors subject to correction only by the procedures prescribed by law. The allegation that the acts of ap-pellee constituted malfeasance is but a legal conclusion of the pleader not supported by the facts alleged. In Ellison v. City of Fort Lauderdale, the Supreme Court said:
The foregoing allegations are principally the pleader’s conclusions and not the ultimate facts. The provisions of the ‘R-O’ ordinance are not stated, nor is Section 6-6 of the City Code attempted to be stated, nor the Charter provisions. To plead ideas or conclusions are [sic] permissible when applied to stated facts. Conclusions do not make a pleading bad, but they serve no useful purpose unless supported by facts shown in support of the conclusion. When appropriate facts are alleged, conclusions serve a useful purpose in pointing out the inference intended to be relied on by the pleader, and the point of law upon which the court may make its conclusion of law, as applied to the facts.” [2]
Because of the foregoing reasons we agree that the amended complaint failed to state a cause of action in either count thereof, and the motion to dismiss was well taken. Appellant claims that the chancellor abused his discretion in refusing to permit him to file a second amended complaint, which motion was incorporated in the petition for rehearing filed by him. N& second amended complaint was submitted with the motion for the court’s examination as to its sufficiency, nor did the motion incorporate the additional facts or theories, of law on which appellant would rely to. state a cause of action if permitted to file a second amended complaint. Under the circumstances it cannot be said that the chancellor abused his discretion in denying the motion in question. The order appealed' is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Miller v. Miller, (Fla.App.1963) 151 So.2d 869, 871.

. Ellison v. City of Fort Lauderdale, (Fla.1965) 175 So.2d 198, 200.