WHITE, JOSEPH S., Associate Judge.
By this appeal appellants seek reversal of a final decree granting a permanent injunction against them upon the complaint of the Board of County Commissioners of Brevard County. Appellants were defendants in the lower court and the board of county commissioners, appellee here, was plaintiff.
Pursuant to Laws of Florida, Special Acts, Chapter 57-1162, plaintiff adopted certain zoning regulations restricting the use of defendants’ lands. Subsequently, defendants made application for a special use permit for operation of a junk yard, a use which was prohibited by the zoning regulations. The application was denied. Notwithstanding, defendants commenced operation of a junk yard on the property in question.
In addition, defendants made application for a permit to erect a building upon the property. The application was denied, but defendants erected the building anyway. The building, together with a house trailer, *208 which defendants moved upon the property, was used in conjunction with the operation of the junk yard.
Plaintiff brought suit for injunction to compel removal of the junk yard, building and house trailer. Upon denial of defendants’ motion to dismiss a second amended complaint defendants took interlocutory appeal. The ruling was affirmed upon authority of Philbrick v. City of Miami Beach, 1941, 147 Fla. 538, 3 So.2d 144; Cotney v. Board of County Com’rs of Brevard County, Fla.App.1962, 140 So.2d 877; and Ellison v. City of Fort Lauderdale, Fla. 1965, 175 So.2d 198. See Mangum v. Board of County Com’rs of Brevard County, Fla. App.1966, 186 So.2d 94.
The final decree now before the court was entered upon trial of the issues made by the second amended complaint and defendants’ answer. The final decree restrained operation of the junk yard and compelled removal of the building and house trailer.
In support of their appeal appellants stress the following allegation found in the second amended complaint: “That said Defendants’ junk yard is a public nuisance because of its physical location is a threat to the health and the welfare of residents in the immediate vicinity thereof, by reason of being a haven for rodents and breeding place for mosquitoes.” From this, appellants argue: “The sole determination to be made by the trial Court upon the trial, was, then, whether the Appellee had proven that the operation of the Appellants’ businesses upon their lands was a public nuisance because it was a threat to the health and the welfare of the residents of Brevard County, Florida, by reason of being a haven for rodents and a breeding place for mosquitoes.” They refer to Philbrick v. City of Miami Beach, supra, and Jacobsen v. Padgett, Fla.App.1958, 108 So.2d 303, as supporting this position.
We have reviewed these decisions in the light of the later decision in Cotney v. Board of County Com’rs of Brevard County, supra, and we conclude that the decision in the later case warranted relief by way of injunction in the case now before the court.
The second amended complaint upon which the issues were tried also contained these allegations:
“That since on or about May 30, 1964, the Defendants have owned and operated, and continue to operate, or in the alternative, have permitted and continue to permit the operation of a junk yard on the above-described property in violation of the Bre-vard County Zoning Regulations, in that the operation of a junk yard is only permitted in an IU Industrial Zone.
“That said Defendants’ junk yard consists of the accumulation and deposit of old and dilapidated automobiles, trucks, trailers, and other such vehicles and parts thereof, used lumber, brick, piles of debris or broken plaster, piles of old tires, rolls of wire, barrels, scrap metal, old plumbing fixtures including washbasins and bathtubs, and old refrigerators, cans, boxes and piping, on the above-described property.
“That said Defendants’ operation of the aforesaid junk yard is an open, public, repeated, continuous, persistent and intentional violation of the Zoning Regulations of Brevard County, Florida.”
Section 13 of said Chapter 57-1162 confers power upon the Board of County Commissioners of Brevard County to abate violations of its zoning regulations by suit for injunction. We find reference to this provision in Cotney v. Board of County Com’rs of Brevard County, supra. In that case the board of county commissioners secured an injunction requiring defendants to remove an addition to a building for which defendants had been denied a permit under the very zoning regulations which are involved in the present suit. Defendants appealed and, to their contention that the injunction was “unreasonable and contrary to the equities as disclosed by the evidence”, the court of appeal had this to *209 say: “Pertinent Chapter 57-1162, Special Acts 1957, consistently contemplates that the courts may issue injunctive orders in proceedings involving infractions >of zoning regulations.” See also, 101 C.J.S. Zoning § 394; 58 Am.Jur., Zoning, § 188.
In Philbrick v. City of Miami Beach, supra, the Supreme Court of Florida announced this principle: “ ‘Every place where a public statute is openly, publicly, repeatedly, continuously, persistently and intentionally violated, is a public nuisance.’ ”
When the trial judge applied these rules to the facts which we find in the record he could do naught but grant the prayer of the board of county commissioners for an injunction.
The further contention is made by appellants that the trial judge erred in allowing certain witnesses to testify “that, in their individual opinions, the value of their individual properties were depreciated without any showing of the nature and extent of such alleged damage or that their damage zc/as different in character and extent from that of the public generally.”
We have examined the testimony of the witnesses in question and we find no prejudicial ruling by the trial judge in regard thereto. See 2 Fla.Jur., Appeals, § 359.
Finally, we dispose of appellants’ contention that: “The trial Court erred in refusing to admit into evidence appellants’ (Defendants’) Exhibits for Identification, marked A, B, C (TR-235), D and E (TR-237), F, G, H and I (TR-243), J and K (TR-243), L and M (TR-247) and N, 0, P and Q (TR-326).”
We find no explanation in appellants’ brief of the relevancy of these exhibits or how they would bear upon the issues involved. Appellants say no more than that: “These were all competent, relevant and material as proof in support of Appellants’ affirmative defenses to Count I and the Appellants’ additional affirmative defenses to Count II.” Since our imagination likewise has failed to elucidate the point we must reject it.
Affirmed.
WALDEN, C. J., and ANDREWS, J., concur.