PER CURIAM.
We have examined appellants’ Coral Ridge Golf Course, petition for a mandatory injunction to require the issuance of a permit and to restrain appellee City from enforcing certain provisions of its zoning ordinance and to declare those provisions unconstitutional in their application to appellants. We affirm the dismissal of the petition.
Coral Ridge, having chosen to seek equitable relief by way of an injunction, has *486 the burden of alleging sufficient ultimate facts as will enable the court to judge whether the injury will be irreparable. First National Bank in St. Petersburg v. Ferris, Fla.App.1963, 156 So.2d 421; Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., Southern Greyhound Lines Division, Fla.App.1968, 212 So.2d 365.
In addition, since Coral Ridge is speaking in terms of unconstitutionality, it has the burden of alleging ultimate facts which indicate a denial of due process such as a lack of any reasonable relationship to public health, morals, safety and general welfare.
The complaint filed contained the following pertinent sections:
“6. That on November 17, 1969 the Plaintiffs applied to the Planning and Zoning Board of the City of Fort Lau-derdale for the construction and maintenance of said fence and on December 2, 1969 a meeting of said Board was held, at which time said Board recommended that the application for the permit be denied, a copy of the minutes of said meeting being attached hereto as Exhibit ‘F\ That on December 3, 1969 the Plaintiffs applied to the City Commission for the construction of said chain link fence and on December 16, 1969 at a regularly scheduled meeting of the City Commission application of the permit was denied, a copy of the minutes of said meeting being attached hereto as Exhibit ‘G’.
“7. In the event that the building permit as applied for was issued and the fence constructed, the use of the property described in Exhibit ‘A’ would in no way be changed, modified or altered from its present use and such use would be in compliance with the S-l Recreational District. Further, the surrounding and abutting property to the real property described in Exhibit ‘A’ is zoned such as to permit the construction and erection of a chain link fence of the type applied for by the Plaintiffs.
“8. The Defendant CITY issued a permit for the construction of said fence but on November 10, 1969 said Defendant cancelled same pursuant to letter dated November 10, 1969 attached hereto as Exhibit ‘H’.
“9. The Zoning Ordinances of the City of Fort Lauderdale above described are invalid in their application by the City Commission of the Defendant CITY to the Plaintiffs for the following reasons:
“a. The application of the zoning ordinance to the Plaintiffs by the City Commission has no substantial relationship to the public health, morals, safety or general welfare.
“b. The application of the zoning ordinance to your Plaintiffs by the City Commission is a deprivation of your Plaintiffs’ property without due process of law and in violation of the Constitutions of the United States of America and of the State of Florida.
“c. The application of the zoning ordinance to your Plaintiffs is discriminatory and the denial of equal protection of the law as guaranteed by the Constitution of the United States of America.
“10. Pursuant to the issuance of the building permit (Exhibit ‘D’ attached) the Plaintiffs commenced the construction of the chain link fence and a portion of said chian (sic) link fence was in fact constructed. The Defendant CITY has notified the Plaintiffs that they are to remove the portion of the fence previously erected within twenty (20) days from February 26, 1970, per copy of letter attached hereto as Exhibit T.
“11. The reason the Plaintiffs made application for the construction of the fence is to prevent further vandalism and other destruction of the golf course by persons who trespass thereon. Such vandalism and destruction to the course by such trespassers has occurred over *487 the past several years and has been of a continuing nature and as such will continue to occur and Plaintiffs will sustain irreparable damage unless relief prayed for is granted.”
In this court’s opinion the complaint alleged at the very best only naked conclusions of law and that is not sufficient under Florida law. Ellison v. City of Fort Lauderdale, Fla.1965, 175 So.2d 198. Neither the area of irreparable injury nor of unconstitutionality was adequately pled. Appellant was given ample time and opportunity to amend his complaint but it chose not to do so. We are, therefore, of the opinion that the decision to dismiss must be affirmed.
Affirmed.
WALDEN and OWEN, JJ., concur.
MAGER, J., dissents, with opinion.