ERVIN, Justice
(dissenting):
The suggestion of Attorney General Robert L. Shevin and of State Attorney Stephen L. Boyles of the Seventh Judicial Circuit for writ of prohibition, transferred here by the First District Court of Appeal, reflects that misdemeanor prosecutions were commenced by the State Attorney through his assistants in the County Court of Putnam County, Florida, against four defendants for illegal dredging violative of F.S., Section 370.035, F.S.A. The dredging, we understand, is now in progress in certain fresh water lakes in Putnam County-
Injunction suit was thereafter commenced by four individuals in the Circuit *546 Court of Putnam County before Respondent, the Honorable E. L. Eastmore, Circuit Judge thereof, to restrain the prosecutions in the County Court.
Relator Boyles’ motion to join as party defendant in the injunction suit was denied by Respondent. Respondent granted a temporary injunction in said suit without bond and entered it against Relator Boyles’ employee, William F. Townsend, Jr., who was assigned to prosecute said misdemean- or cases by Relator Boyles, and also against G. Z. (Zach) Taylor, a wildlife officer of the Florida Game and Fresh Water Fish Commission empowered to make arrests pursuant to F.S., Section 372.07, P. S.A., despite the fact Boyles himself was denied the right to become a party in the injunction suit. The temporary injunction against Townsend and Taylor restrained them from prosecuting the misdemeanor cases in the County Court.
Time does not permit preparation of an elaborate dissent in this case despite its importance because the dredging is proceeding and irreparable damage may well result therefrom if a final judicial determination of this case is protracted.
It seems to me that there is ample basis in law for a writ of prohibition to issue requiring the Respondent to cease and desist from his injunctive intrusion in said criminal prosecution and processes in the County Court.
This Court has the discretion to issue the writ sought and should do so for the reasons hereinafter explicated. The facts of the instant case are so aggravatingly flagrant as to warrant its issuance at this level.
As I see it, this novel and irregular intervention of the Circuit Judge in enjoining a criminal prosecution has the following effects:
(a)Disruption of the orderly administration of criminal justice.
(b) Prejudice of the state’s right to a fair trial in misdemeanor prosecutions in the Putnam County Court.
(c) Necessity of reassignment of prosecutors to avoid violation of the injunction by prosecutor Townsend.
(d) A “chilling effect” upon any prosecutor assigned to this case.
(e) Deterrence of state agencies from enforcement of the law, particularly the instant statute.
(f) Precedent for additional such collateral attacks on the state criminal justice system.
For authority in support of my views, I refer to Section 3(b)(4), Article V, State Constitution, F.S.A. The District Court of Appeal, First District, was correct in transferring the suggestion for writ here inasmuch as the subject matter directly involves the administrative supervision of all courts (Section 2(a), Article V, State Constitution) and the proper exercise of their respective jurisdictions, a function which has been placed in this Court by Article V.
I think this Court has discretion to issue the writ because it now has the duty of court administration and supervision and the incident rule-making power. See: 51 L.R.A. 33; Ex Parte White, 4 Fla. 165 (1851); Ex Parte Henderson, 6 Fla. 279 (1855); Halliday v. Jacksonville, 6 Fla. 304 (1855); State v. Johnson, 13 Fla. 33 (1869); Deans v. Wilcoxon, 18 Fla. 531 (1882); Wilson v. Fridenburg, 21 Fla. 386 (1885); State v. White, 40 Fla. 297, 24 So. 160 (1898); State ex rel. Carroll v. District Court of First Judicial District in and for Lewis and Clark Counties, 50 Mont. 428, 147 P. 612, page 613 (1915), and State ex rel. T. L. Smith Co. v. Superior Court of Dane County, 170 Wis. 385, 175 N.W. 927 (1920).
A state attorney cannot be restrained from performance of his prosecutorial du *547 ties by enjoining his employees and assistants. See 42 Am.Jur.2d Injunctions §§ 175, 176. Cf. Malone v. Howell (1939), 140 Fla. 693, 192 So. 224; McWhorter v. Pensacola & Atlantic Railroad Co., 24 Fla. 417, 5 So. 129; Hathaway v. Munroe (1929), 97 Fla. 28, 119 So. 149; Sweat v. Daley (1934), 116 Fla. 755, 156 So. 720; Ellison v. City of Fort Lauderdale (Fla.App.1964), 166 So.2d 797.
There is ample authority in the County Judge under appropriate court rules prescribed by this Court and statutes governing criminal proceedings for him to exercise complete jurisdiction in the subject misdemeanor prosecutions without the necessity of injunctive intervention of the Circuit Judge. The action of the Circuit Judge sets a precedent which if not overturned will impede the speedy expedition of criminal prosecutions through resort to equity courts. The public prosecutor up to now has been immune from such collateral assaults, whether they be made upon him or his assistants. Pearson v. Reed, 6 Cal.App.2d 277, 44 P.2d 592.
It appears to me the refusal of this Court to accede to the District Court’s view that this Court should review by prohibition proceedings the extraordinary action of the Circuit Judge is erroneous. Furthermore, the question involves construction of controlling provisions of the Constitution concerning the supervisory jurisdiction of this Court,[1] the equity jurisdiction of the circuit court and the exclusive jurisdiction of the county court over criminal misdemeanor cases. This re-transfer is but another example of the recent unwillingness here to exercise the newly conferred powers to administer the Court system which new Article V authorized for the expedition of litigation and settlement of jurisdictional questions among the state courts.

. See my comments in a dissent in State ex rel. Carter v. Wigginton (Fla.1969), 221 So.2d 409, text 413, concerning the history and applicability of the supervisory jurisdiction of reviewing courts under their “all writs” authority.