QUESTION: Is a county court judge who held the office of justice of the peace on July 1, 1957, eligible to seek reelection although he will attain the age of 70 before he completes half his term of office?
SUMMARY: Under s. 20(e)(2) of Revised Art. V, State Const., a county court judge who held the office of justice of the peace on July 1, 1957, is eligible to seek reelection although he will attain the age of 70 before he completes half his term in office. Under s. 8 of Revised Art. V, State Const., "[n]o justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one-half of which he has served." However, the "Schedule" section of Revised Article V provides that this mandatory retirement provision does not apply to a "justice or judge holding office immediately after this article becomes effective who held judicial office on July 1, 1957." Section 20(e)(2). Thus, the answer to your inquiry requires a determination as to whether a justice of the peace was a "justice or judge" and held a "judicial office" prior to its abolition by Revised Article V, within the meaning and intent of s. 20(e)(2), supra. The framers of the Constitution of 1968 placed in it a section to provide legal definitions to aid in construing its provisions. Article X, s. 12, State Const. One such subsection specifies that "[t]he terms `judicial office,' `justices,' and `judges' shall not include judges of courts established solely for the trial of violation of ordinances." The jurisdiction of the justice of the peace as provided for in the 1885 Constitution and implementing legislation is not limited solely to the trial of violation of ordinances. See Art. V, s. 11(2), State Const. 1885, and ss. 37.01 and 37.011, F.S. 1971. Thus, under the rule expressio unius est exclusio alterius, a justice of the peace would by definition hold a "judicial office" and be considered a "judge" as that term is used in the 1968 Constitution. While Revised Article V was not adopted until 1972, effective January 1, 1973, and was thus not a part of the 1968 Constitution in which this definition was included, the appellate courts of this state have ruled in various contexts that a justice of the peace is a part of the judicial system of this state and holds a "judicial office." See State ex rel. Powell v. Leon County, 182 So. 639
(Fla. 1938), in which the court stated: The court of Justice of the Peace was established under our Constitution along with the Supreme Court, the Circuit Courts and the County Judge's Court. See § 1, Article 5 of the Constitution. It is as much a unit of the judicial system of Florida as is either of the other courts above named and, therefore, it is a part of the judicial branch of the Government, independent of the Legislative or the Executive branches of the Government and its prerogatives, independence and existence may not be destroyed by either of these branches of the Government. See also Silvers v. Drake, 188 So.2d 377 (1 D.C.A. Fla., 1966), in which the rule that no action can be maintained against the judge of any court for an error in judgment committed in the execution of his official duties was applied to a justice of the peace. Accord: Attorney General Opinion 071-198, ruling that justices of the peace were "judges" within the purview of s. 11.246(1)(c), F.S., requiring free distribution of the Florida Statutes to "judges of the Florida Court system. . . ." The Legislature has treated a justice of the peace court as a judicial office. See s. 37.08, F.S. 1971, which provided that "[a]ll provisions of the law which can be applied to courts of justices of the peace or to any proceeding therein, or to any officer thereof, shall be applicable thereto in all cases except when they are expressly or impliedly restricted to courts other than justice of the peace courts, and except when they are inconsistent with the provisions of this chapter." This shows an intent on the part of the Legislature to treat justice of the peace courts as any other court in the judicial system unless the contrary is clearly shown. Based on the foregoing discussion, I am of the opinion that a justice of the peace in Florida was a "judge" holding "judicial office" before that office was abolished by Revised Art. V, supra, and that a county court judge who held the office of justice of the peace on July 1, 1957, is entitled to the benefit of Revised Art. V, s. 20(e)(2), supra. In so ruling, I have not overlooked the opinion of one of my predecessors in office in AGO 059-29, interpreting ss. 17 and 26(13) of the 1956 revision of Art. V. Section 17 required the mandatory retirement of "all justices and judges" at age 70; and s. 26(13) provided that "the provision for automatic retirement in s. 17, of this article, does not apply to any person now holding office." (Emphasis supplied.) Noting that the 1956 revision became effective on July 1, 1957, it was concluded that the italicized provision "speaks as of July 1, 1957" and, when strictly construed, indicates an intention on the part of the framers and adopters that the exemption applied only to "persons holding judicial office upon the effective date of the amendment and who continue to hold the same office until they attain the age of 70 or beyond without assuming any other judicial office." Since then, the analogous provisions of Art. V have been twice amended — once in 1966, and again in the 1972 revision. The 1966 amendment, s. 17A, changed the provision to read: "All justices and judges shall automatically retire at age seventy (70) except those who held any judicial office on July 1, 1957 . . . ." (Emphasis supplied.) It also authorized a judge to serve out the remainder of his term after reaching age 70 if at least one-half of the term had already been served. The 1972 revision effected the following changes: "No justice or judge shall serve after attaining the age of 70 years except upon temporary assignment or to complete a term, onehalf of which he has served." Section 8, Revised Art. V. Section 20(e)(2), id., provides for the exemption as follows: No justice or judge holding office immediately after this article becomes effective who held judicial office on July 1, 1957, shall be subject to retirement from judicial office because of age pursuant to section 8 of this article. The framers of this provision and the people who adopted it were, or should have been, cognizant of the fact that all state trial courts and the judgeships thereof were abolished as of the effective date of Revised Article V (January 1, 1973), to be replaced by a new two-tiered state trial court judicial system consisting of new circuit and county court judgeships. And it seems to me to be unreasonable to interpret ss. 8 and 20(e)(2), supra, as intending to exclude from the benefits of the exemption the judges of the abolished courts who have held judicial office since 1957 and were either "grandfathered in" or elected to a new county court or circuit court judgeship as of the effective date of Revised Art. V. Yet that would be the effect of applying the ruling of AGO 059-29 in the situation resulting from the revision of our trial judicial system. It is equally unreasonable, in my opinion, to conclude that a district court of appeal judge who has held that judicial position since 1957 could continue to serve as such after reaching age 70, whereas, a circuit judge or a district court of appeal judge who was serving as such in 1957 but was subsequently elected to the Supreme Court could not continue to serve in that post after reaching age 70. In the absence of clear and unambiguous language, I am unwilling to reach such conclusions; and insofar as AGO 059-29 may be inconsistent with the views herein expressed, it is hereby overruled. Your question is, therefore, answered in the affirmative.